IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SUTO, HJ-6093, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )  Civil Action No. 09-617 |
| | ) |
| DAVID PITKINS, et al., | ) |
|     Respondents. | ) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Robert Suto for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Robert Suto, an inmate at the State Correctional Institution at Laurel Highlands has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In an Order entered on May 21, 2009, the respondents and the District Attorney of Beaver County were directed to answer and show cause, if any, why the relief sought should not be granted.

Suto is presently serving a ten to twenty year sentence imposed following his conviction, by a jury, of sexual offenses at CP-04-CR-0000981-2006, in the Court of Common Pleas of

Beaver County, Pennsylvania. This sentence was imposed on December 19, 2007.[1]

An appeal was taken to the Superior Court in which the issues raised were:

1. Was the appellant denied a fair trial due to a spectator in the courtroom making gestures in attempting to prompt the testimony of one of the minor victims and that certain persons made attempts to improperly influence the jury?

2. Did the court err in admitting into evidence over defendant's objection, of between 100 and 200 video tapes?

3. Did the court err in refusing the defendant's request to charge the jury that the testimony of the minor victims required careful scrutiny in light of conflicting testimony presented at the time of trial?[2]

On March 2, 2009, the judgment of sentence was affirmed and leave to appeal to the Pennsylvania Supreme Court was not sought.[3]

The instant petition was executed on May 4, 2009, and in it, Suto contends he is entitled to relief on the following grounds:

I. Was the appellant denied a fair trial due to a spectator in the courtroom making gestures in attempting to prompt the testimony of one of the minor victims and that certain persons made attempts to improperly influence the jury?

II. Did the court err in admitting into evidence over defendant's objection, of between 100 and 200 video tapes?

III. Did the court err in refusing the defendant's request to charge the jury that the testimony of the minor victims required careful scrutiny in light of conflicting testimony presented at the time of trial?[4]

---

[1] See: Petition at ¶¶ 1-7.

[2] See: March 2, 2009 Memorandum of the Superior Court appended to the answer of the Commonwealth.

[3] See: Id. and Beaver County Docket Sheet: CP-04-CR-0000981-2006.

[4] See: Petition at ¶ 13.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United

3

> States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it appears that the issues which the petitioner seeks to raise here have been presented to the Pennsylvania appellate courts in the first instance and are properly before this Court.

The factual background to this prosecution is set forth in the March 27, 2008 Opinion of the trial court:

> The charges stem from the sexual assaults by the defendant upon the two minor daughters of his wife in their home from the period of December 24, 2004 through March 31, 2006. The minor, M.R.C., age 14 on the date of trial and age 12 at the time of the events, testified that the defendant, on various occasions, fondled her breasts, digitally penetrated her vagina, inserted a vibrator into her vagina, performed oral sex on her and had her hold his penis. She further related that she

4

observed numerous pornographic video tapes in his bedroom, closets and the basement of the residence. She was asked by the defendant to view the pornographic tapes, but she refused. The minor, L.C., age 16 at the time of trial and age 14 during the course of the incidents, stated that, at different times, the defendant inserted his tongue into her mouth while kissing her, fondled her breasts, orally and digitally penetrated her vagina and attempted to engage in sexual intercourse with her. L.C. also indicated that many pornographic video tapes were located throughout the house....[5]

Against this background we consider the issues raised here.

Suto's first claim is that he is entitled to relief as a result of the gestures made by a courtroom spectator to the testifying witness in the presence of the jury. As explained by the trial court:

> During questioning of the minor victim, M.R.C., by the assistant district attorney on redirect examination, counsel for the defendant voiced an objection and requested a side bar... defense counsel advised the court and the assistant district attorney that the defendant had given him a note indicating that a person seated in the courtroom was making gestures to the witness during her testimony, and requested an instruction from the court directing that said activity cease. After excusing the jury for a recess, the court issued a warning to all persons in the courtroom to refrain from making any signals to the witnesses. Defense counsel then advised that the person who was alleged to have motioned to the witness had departed. The court instructed the assistant district attorney to locate the individual and advise her of the court's warning. There was no indication that any members of the jury had observed the spectator gesturing to the witness. Nothing further was brought to the court's attention regarding such activity and no further motion was made by the defendant.[6]

In reviewing this claim, the Superior Court observed that no further requests or objections

---

[5] See: March 27, 2008 Opinion of the trial Court at pp.3-5 appended to the answer of the Commonwealth.

[6] See: March 27, 2008 Opinion of the trial court at pp.4-5 which is appended to the answer of the Commonwealth as well as the March 2, 2009 Memorandum of the Superior Court at p.4 which is likewise appended to the answer of the Commonwealth.

were raised on behalf of the petitioner and as a result this claim was waived.[7]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

In the instant case, the petitioner failed to preserve this issue for appellate review and hence has procedurally defaulted on his available state court remedies, and for this reason, this issue is not properly before this Court. In addition, federal habeas courts are not to micro-manage state criminal proceeding, but rather to guard against error of constitutional magnitude. Townsend v. Sain 372 U.S. 293 (1963). As a result, even if not defaulted this issue is not one properly before this Court.

The second issue which the petitioner raises here is that he was unduly prejudiced by the introduction of between 100 and 200 pornographic tapes at trial. First it should be noted that the tapes were not viewed by the jury but rather were merely present the courtroom.[8] As both the trial and appellate court recognized, these tapes were produced to support a general charge of corruption of minors; the defendant had notice that this was the criminal charge and of the existence of the evidence to support the charge which was introduced to prove a necessary element of the corruption charge. Alleged violation of evidentiary rules by the state trial court do

---

[7] See: March 2, 2009 Memorandum of the Superior Court at p.4 which is appended to the answer of the Commonwealth.

[8] See: March 27, 2008 Opinion of the trial court at p.10 which is appended to the answer of the Commonwealth.

not provide a basis for federal habeas relief unless arbitrarily or disproportionately applied. Rock v. Arkansas. 483 U.S. 44 (1987). In the instant case, the tapes were not viewed by the jury, so they cannot be regarded as potentially inflammatory, and the only question is whether their presence supported the charge of corruption of minors. Under Pennsylvania law, 18 Pa.C.S.A. 6301, corruption of minors involves conduct which is offensive to common decency. Com. v. Snyder, 870 A.2d 336 (Pa.Super.2005).

> Furthermore, as observed by the Superior Court:
>
> the Commonwealth made no reference to any specific conduct in the information as to the counts alleging corruption of minors, but simply charged the defendant generally with corruption of minors. In view of the fact that the defendant was placed on notice regarding the pornographic video tapes by reason of the allegations contained in the affidavit of probably cause attached to the criminal complaint and the testimony offered by the minor victims at the time of the preliminary hearing, he cannot now claim surprise or lack of notice.[9]

Thus, with knowledge of the charging offense, the testimonial allegations of the victims that the petitioner possessed pornography, and the acknowledged existence of these tapes, their presence in the courtroom does not involve the imposition of some arbitrary standard, and for this reason does not provide a basis for relief here.

Finally, the petitioner contends he is entitled to relief as a result of the failure of the trial court, upon request, to instruct the jury on the particular scrutiny with which the testimony of the minor victims should be viewed.

In reviewing jury instructions, a federal habeas court looks to the instructions as a whole and not to any particular isolated instruction. Estelle v. McGuire, 502 U.S. 62 (1991); Wiley v.

---

[9] See: March 2, 2009 Memorandum of the Superior Court at p.6, which is attached to the answer of the Commonwealth.

Taylor, 277 F.3d 261 (3d Cir. 2001)(en banc). In the instant case, the Superior Court noted the discrepancies in the victims preliminary hearing testimony and their trial testimony:

> As the time of Appellant's trial, the two victim witnesses, L.C. and M.R.C., were 16 and 14, respectively. M.R.C. testified that she "got mixed up" with respect to when Appellant touched her. N.T., 5/22/2007, at 40. Moreover, M.R.C. indicated that she made certain statements at the preliminary hearing because of what her mother told her. Id. at 47. M.R.C. also stated that she lied at the preliminary hearing when she said that she did not remember Appellant touching her while she was sleeping. Id. However, on redirect, M.R.C. testified that she was not intentionally lying or trying to mislead the court but that she was confused and felt pressured. Id. at 57-58. Additionally, L.C. expressed confusion regarding her preliminary hearing testimony as to when events occurred. N.T., 5/23/2007, at 30-32, 34-37. The trial court rejected Appellant's request for a careful scrutiny charge with respect to L.C. and M.R.C.'s testimony. Id. at 65. Instead, the trial court provided the following jury instruction:
>
>> You have heard the evidence that [L.C.] and {M.R.C.] made statements on earlier occasions that was inconsistent with their present testimony. You may, if you choose, regard this evidence as proof of the truth of anything that ... witness said in an earlier statement. You may also consider this evidence to help you judge the credibility and weight of the testimony given by the witness at this trial.
>
> N.T., 5/24/2007, at 7-8.[10]

We too have reviewed the trial transcript as well as they jury instructions to determine whether from the instructions as a whole a deprivation of protected rights occurred. The record as a whole reflects more confusion on the part of the minor victims rather than intentional prevarication on their part. In addition, the trial court presented the jury with detailed instructions on how to evaluate the credibility of witnesses, including consideration of a witness' youth and the need for reconciliation of the testimony of the various witnesses.[11] Thus, the trial court's

---

[10] See: Id. at pp.8-9.

[11] See: TT 5/25/2007 at pp.6-7.

instruction properly instructed the jury on how to evaluate that testimony and is clearly in conformity with existing Supreme Court teachings.

Accordingly, because the issues which the petition raises here are without merit, it is respectfully recommended that the petition of Robert Suto for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied..

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        s/Robert C. Mitchell,

Entered: July 17, 2009                      United States Magistrate Judge